# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

Lawrence B. Dickens,                    )
                                        )
                                        )
                                        )
        Plaintiff,                      )
                                        )  C.A. No. N16C-05-255 MMJ
    v.                                  )
                                        )
Commissioner Robert Coupe,              )  **JURY TRIAL DEMANDED**
Bureau Chief Janet Durkee,              )
Support Service Manager Tonya Smith,    )
and Payroll Supervisor Tera Bench,      )
                                        )
        Defendants.                     )

Submitted: October 18, 2017
Decided: January 10, 2018

Upon Plaintiff's Motion to Amend Pursuant to Super. Ct. Civ. Rule 15(aa)

## DENIED AS MOOT
## CASE DISMISSED AS TIME-BARRED

## MEMORANDUM OPINION

Lawrence Dickens, *Pro Se* Plaintiff

Ophelia M. Waters, Esq., State of Delaware Department of Justice, Attorneys for Defendant

**JOHNSTON, J.**

## FACTUAL AND PROCEDURAL CONTEXT

Plaintiff Lawrence B. Dickens is an inmate at James T. Vaughn Correctional Center ("DOC") and brings this action *pro se*. Defendants are various employees of DOC. Dickens' cause of action arises out of a longstanding dispute with DOC

regarding Dickens' rate of pay as a barber. After requesting a payroll review, Dickens received a letter from DOC's business office on January 29, 2013, detailing the changes in his rate of pay and explaining the time periods for which he was not entitled to additional compensation. Dickens did not institute this action until May 23, 2016. Without stating the statute or common law cause of action on which he based his claim, Dickens alleged he suffered emotional pain and financial loss as a consequence of the Defendants' actions.

Dickens now brings a motion to amend his complaint to include additional correctional center employees as defendants.[1] In response, Defendants argue Dickens does not meet Rule 15(c)'s requirements for amendment, and that the case should be dismissed because it is barred under the statute of limitations and fails to state a claim upon which relief can be granted.

## ANALYSIS

Generally, "[a] statute of limitations is calculated from the time of the wrongful act 'even if the plaintiff is ignorant of the cause of action.'"[2] Notwithstanding that principle, under "the time of discovery rule," the statute of limitations is tolled when the plaintiff has suffered an inherently unknowable injury

---

[1] In a letter to the Court filed November 6, 2017, Dickens made an informal request for reconsideration of Dickens' request for appointment of counsel. The Court denied Dickens' Motion for Reargument of the Court's Decision Denying Appointment of Counsel in a previous Order. *Dickens v. Coupe*, 2017 WL 2799158, at *1 (Del. Super.).

[2] *Krahmer v. Christie's Inc.*, 911 A.2d 399, 407 (Del. Ch. 2006) (quoting *SmithKline Beecham Pharms. v. Merck & Co.*, 766 A.2d 442, 450 (Del.2000)).

2

of which the plaintiff is blamelessly ignorant.[3]

Assuming, without deciding, that Dickens' cause of action satisfies the "time of discovery rule," at the very latest, Dickens' claim accrued when he received the letter explaining his reduction in pay on January 29, 2013. Dickens filed his complaint on May 23, 2016. This action is therefore time-barred if Dickens' cause of action is subject to a statute of limitations of three years or less.

Because Dickens does not state the cause of action on which he bases his claim, the appropriate statute of limitations is not immediately apparent. Defendants contend the claim is properly characterized as one for "wages, labor or personal services performed, or for damages . . . resulting from the failure to pay any such claim . . . ."[4] The statute of limitations for such claims is one year.[5] In his reply, Dickens does not directly dispute this, but asserts that he brings his action under Delaware's Tort Claims Act. The most generous interpretation of his claim would categorize it as an "action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant."[6] Such a cause of action would be subject to a three-year limitation[7] and would therefore still be barred.

---

[3] *Clark v. Delaware Psychiatric Center*, 2011 WL 3762038, at *1 (Del. Super. 2011).
[4] 10 *Del. C.* § 8111.
[5] *Id.*
[6] 10 *Del. C.* § 8106(a).
[7] *Id.*

The Court finds Dickens' claim has been brought beyond any potentially applicable statute of limitations.[8] Therefore, this case must be dismissed.

Dickens' motion to amend the complaint to add additional defendants would not change this analysis. Amendment of the complaint would be futile. The motion to amend is rendered moot by the Court's dismissal of the case. The Court need not address any of the remaining issues raised in the parties' submissions.

## CONCLUSION

**THEREFORE**, this case is hereby **DISMISSED** as time-barred. Dickens' Motion to Amend Pursuant to Super. Ct. Civ. Rule 15(aa) is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[8] Dickens concedes that he does not bring his claim under 42 U.S.C. § 1983. Even if Dickens had brought his claim under section 1983, it would be subject to a two-year statute of limitations and would be time-barred. *See Kerns v. Dukes*, 2004 WL 766529, at *3 (Del. Ch.).

4